IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MRUGU CHAMPANERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No.  08 C 3895 |
| ) | Judge Kennelly |
| GROUP LONG TERM DISABILITY PLAN ) | |
| FOR EMPLOYEES OF ALLSTATE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

**FIRST AMENDED COMPLAINT**

Now comes the Plaintiff, MRUGU CHAMPANERI, by her attorneys, MARK D. DEBOFSY and DALEY, DEBOFSKY & BRYANT, and complaining against the defendants, she states:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan ("Group Long Term Disability Plan for Employees of Allstate Insurance Company")("Plan") which, in this case, consists of a group long term disability insurance plan underwritten by The Hartford Life and Accident Insurance Company ("Hartford"), for the benefit of employees of Allstate Insurance Company. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

*Nature of Action*

4. This is a claim seeking reinstatement of long-term disability insurance benefits pursuant to a policy of insurance, Policy # GLT 673454 underwritten by the Hartford Life and Accident Company to provide long term disability insurance benefits to represented employees of Allstate Insurance Company in accordance with the Plan (a true and correct copy of the disability insurance policy which plaintiff is informed and believes constitutes the "Plan" is attached to Plaintiff's initial complaint and by that reference incorporated herein as Exhibit "A"). This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)).

*The Parties*

5. Mrugu Champaneri ("Champaneri" or "Plaintiff") at all times relevant was a resident of Arlington Heights, Illinois, and the events, transactions, and occurrences relevant to Champaneri's claim of disability took place within the Northern District of Illinois.

6. The Hartford Life and Accident Insurance Company ("Hartford") is an insurer of long term disability benefits and insured the Group Long Term Disability Plan for Employees of Allstate Insurance Company ("Plan"). At all times relevant hereto, the Plan Hartford was doing business throughout the United States and within the Northern District of Illinois.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment, Champaneri received coverage

under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

*Statement of Facts*

8. Prior to May 2004, Champareni was employed as an Administrative Assistant by Allstate Insurance Company in Northbrook, Illinois.

9. On May 5, 2004, Champaneri ceased working due to a spinal impairment-Lumbar Radiculopathy.

10. Champaneri applied for long term disability benefits under the terms of the Plan, which states, in relevant part:

> "**Disability or Disabled** means that during the Elimination Period and for the next 24 months you are prevented by:
> 1. accidental bodily injury
> 2. sickness;
> 3. Mental Illness;
> 4. Substance Abuse; or
> 5. pregnancy,
>
> from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are no more than 80% of your Indexed Pre-disability Earnings.
>
> After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation.
>
> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation does not alone mean you are Disabled."

(Exhibit A at 11).

11. In addition, Champaneri applied for and was awarded benefits from the Social Security Administration, with an onset date of May 5, 2004. The Social Security Administration defines disability as "an inability to perform substantial gainful activity." 42 U.S.C. §423(d)(1)(A).

(a true and correct copy of the Social Security award letter is attached to plaintiff's initial complaint and by that reference incorporated as Exhibit "B").

12. Champaneri provided Hartford with substantial medical evidence supporting her diagnosis and condition, and Hartford approved Champaneri's application for long term disability following an independent medical examination. Even though Champaneri's disability was deemed permanent by her treating doctor and by the independent examiner, Hartford nonetheless terminated Champaneri's benefits on November 29, 2005, asserting that she did not meet the definition of disability. Champaneri requested that Hartford reconsider its determination; and following a second independent medical examination which confirmed Champaneri's disability, benefits were reinstated.

13. Despite the foregoing, on December 4, 2007, Hartford once again terminated Champaneri's disability benefits asserting that she no longer met the definition of disabled. Although Champaneri appealed and submitted a third independent medical evaluation which supported her ongoing disability, along with a recent MRI scan which showed Champaneri's condition was unimproved or even worsening, Hartford denied Champaneri's appeal on June 24, 2008.

14. All avenues of administrative appeal to Hartford have now been exhausted. Therefore, this matter is ripe for judicial review.

15. The evidence submitted to Hartford establishes Champenri's entitlement to reinstatement of her long term disability benefits, retroactive to December 4, 2007, and the court should determine and then declare that such benefits should continue under the terms and conditions of the Plan.

WHEREFORE, plaintiff prays for the following relief:

      A.      That the court enter judgment in plaintiff's favor and against the defendant and that the court order the defendant to pay long term disability income benefits to plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

      B.      That the court order the defendant to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

      C.      That the court order defendant to continue paying plaintiff benefits so long as she continues to meet the terms and conditions of the policy;

      D.      That the court award plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

      E.      That plaintiff be awarded any and all other relief to which she may be entitled, as well as the costs of suit.

Respectfully Submitted

s/ Mark D. DeBofsky
Mark D. DeBofsky
One of the Plaintiff's Attorneys

Daley, DeBofsky and Bryant
55 W Monroe St Ste 2440
Chicago, Illinois 60603
(312) 372-5200 / FAX (312) 372-2778

## CERTIFICATE OF SERVICE

      Mark D. DeBofsky, the attorney, certifies that he served a copy of the foregoing First Amended Complaint by mailing a copy thereof, first class postage affixed thereto, at Chicago, Illinois, on July 25, 2008, addressed to:

Donald Murday  
Michael Galibois  
Chittenden, Murday & Novotny  
303 W. Madison St.  
Chicago, Illinois 60606  

                                        /s/ Mark D. DeBofsky

                                        Mark D. DeBofsky