**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MRUGU CHAMPANERI,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | Case No. 08-C-3895 |
|     v. ) | |
| ) | Judge Kennelly |
| **GROUP LONG TERM DISABILITY PLAN** ) | |
| **FOR EMPLOYEES OF ALLSTATE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
|     **Defendant.** ) | |

**GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF
ALLSTATE INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ALLSATE INSURANCE COMPANY ("ALLSTATE" Plan) by its attorneys, Donald A. Murday and Michael B. Galibois of Chittenden, Murday & Novotny LLC, for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan ("Group Long Term Disability Plan for Employees of Allstate Insurance Company") ("Plan") which, in this case, consists of a group long term disability insurance plan underwritten by The Hartford Life and Accident Insurance Company ("Hartford"), for the benefit of employees of Allstate Insurance Company. In addition, this action may be brought before this court pursuant to 28 U.S.C. § 1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**ANSWER:** The ALLSTATE Plan admits that jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA") and in particular 29 U.S.C. § 1132(e)(1) and § 1132(f), and that those provisions give district courts jurisdiction to hear civil

actions brought to recover benefits due under the terms of an employee welfare benefit plan, which in this case consists of a group long term disability insurance plan. The ALLSTATE Plan further admits that jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States of America. The ALLSTATE Plan admits it is an employee welfare benefit plan which Allstate Insurance Company, Plaintiff's former employer, established for its eligible employees through its purchase of a group long term disability insurance policy, designated GLT-673454, issued by Hartford Life and Accident Insurance Company. The ALLSTATE Plan denies the remaining allegations of this Paragraph, and denies Plaintiff is entitled to the relief sought, or any relief whatsoever, and incorporates its Affirmative Defenses by reference herein.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:** To the extent the allegations of Paragraph 2 state a legal conclusion, the ALLSTATE Plan makes no answer thereto. The ALLSTATE Plan admits that Plaintiff completed the administrative appeals process.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391.

**ANSWER:** The ALLSTATE Plan admits that venue is proper.

## NATURE OF ACTION

4. This is a claim seeking reinstatement of long-term disability insurance benefits pursuant to a policy of insurance, Policy # GLT 673454 underwritten by the Hartford Life and Accident Company to provide long term disability insurance benefits to represented employees of Allstate Insurance Company in accordance with the Plan (a true and correct copy of the disability insurance policy which plaintiff is informed and believes constitutes the "Plan" is attached to Plaintiff's initial complaint and by that reference incorporated herein as Exhibit "A"). This action, seeking recovery of benefits, is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:** The ALLSTATE Plan admits that this action is brought pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). The ALLSTATE Plan admits that it is an employee welfare benefit plan which Allstate Insurance Company, Plaintiff's former employer, established for its eligible employees through its purchase of a group long term disability insurance policy, designated GLT-673454 ("Policy"), issued by Hartford Life and Accident Insurance Company. The ALLSTATE Plan further admits that a portion of the Policy was attached to Plaintiff's original complaint, but denies that Plaintiff's original complaint attached the entire Policy or any document designated as Exhibit A.

### THE PARTIES

5. Mrugu Champaneri ("Champaneri" or "Plaintiff") at all times relevant was a resident of Arlington Heights, Illinois, and the events, transactions, and occurrences relevant to Champaneri's claim of disability took place within the Northern District of Illinois.

**ANSWER:** The ALLSTATE Plan admits, on information and belief, that Plaintiff was at all relevant times a resident of Arlington Heights, Illinois. The ALLSTATE Plan further admits that Plaintiff was employed for a certain period of time by AllState Insurance Company, which is located within the Northern District of Illinois. The ALLSTATE Plan denies the remaining allegations of this Paragraph to the extent they are inconsistent with this answer.

6. The Hartford Life and Accident Insurance Company ("Hartford") is an insurer of long term disability benefits and insured the Group Long Term Disability Plan for Employees of Allstate Insurance Company ("Plan"). At all times relevant hereto, Hartford was doing business throughout the United States and within the Northern District of Illinois.

**ANSWER:** The ALLSTATE Plan admits that Hartford Life and Accident Insurance Company is an insurance company which issued the Policy setting forth the terms and conditions governing the eligibility for benefits provided under the ALLSTATE Plan, and that Hartford Life and Accident Insurance Company engages in the business of insurance in the United States, and within the Northern District of Illinois in particular.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); and incident to her employment, Champaneri received coverage under the Plan as a "participant" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** The ALLSTATE Plan admits that at all times relevant hereto the Plan constituted an employee welfare benefit plan as defined by ERISA, that Plaintiff was a plan participant as defined by ERISA, and that at the relevant time Plaintiff was covered under the Plan in accordance with its terms, conditions, limitations, and exclusions. The ALLSTATE Plan further admits that Plaintiff's claim relates to Plan benefits. The ALLSTATE Plan denies any remaining allegations of this Paragraph to the extent they are inconsistent with this answer.

## STATEMENT OF FACTS

8. Prior to May 2004, Champareni was employed as an Administrative Assistant by Allstate Insurance Company in Northbrook, Illinois.

**ANSWER:** The ALLSTATE Plan admits the allegations of Paragraph No. 8.

9. On May 5, 2004, Champaneri ceased working due to a spinal impairment-Lumbar Radiculopathy.

**ANSWER:** The ALLSTATE Plan admits that Plaintiff's last reported day of employment with AllState Insurance Company was May 5, 2004. The ALLSTATE Plan denies the remaining allegations of this Paragraph as stated.

10. Champaneri applied for long term disability benefits under the terms of the Plan, which states, in relevant part:

"**Disability or Disabled** means that during the Elimination Period and for the next 24 months you are prevented by:
1. accidental bodily injury
2. sickness;
3. Mental Illness;
4. Substance Abuse; or
5. pregnancy,

-4-

from performing one or more of the Essential Duties of Your Occupation, and as a result your Current Monthly Earnings are no more than 80% of your Indexed Pre-disability Earnings.

After that, you must be so prevented from performing one or more of the Essential Duties of Any Occupation.

Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation does not alone mean you are Disabled."

(Exhibit A at 11).

**ANSWER:** The ALLSTATE Plan admits that Plaintiff applied for long term disability benefits under the terms of the Plan, but denies that this Paragraph accurately recites the Plan's definition of "Disability or Disabled," or that Plaintiff's original complaint attaches any document designated as Exhibit A.

11. In addition, Champaneri applied for and was awarded benefits from the Social Security Administration, with an onset date of May 5, 2004. The Social Security Administration defines disability as "an inability to perform substantial gainful activity." 42 U.S.C. §423(d)(1)(A). (a true and correct copy of the Social Security award letter is attached to plaintiff's initial complaint and by that reference incorporated as Exhibit "B").

**ANSWER:** To the extent the allegations of Paragraph 11 state a legal conclusion, the ALLSTATE Plan makes no answer thereto. The ALLSTATE Plan admits that Plaintiff applied for benefits from the Social Security Administration and that the Social Security Administration determined that Plaintiff was entitled to disability insurance benefits from the Social Security Administration effective May 5, 2004. The ALLSTATE Plan denies that Plaintiff's receipt of benefits from the Social Security Administration has any bearing on whether Plaintiff is totally disabled under the terms, conditions, limitations, and exclusions of the Plan. The ALLSTATE Plan denies that any document is attached to Plaintiff's original complaint as Exhibit B and denies any remaining allegations of this Paragraph that are inconsistent with this answer.

12. Champaneri provided Hartford with substantial medical evidence supporting her diagnosis and condition, and Hartford approved Champaneri's application for long term

disability following an independent medical examination. Even though Champaneri's disability was deemed permanent by her treating doctor and by the independent examiner, Hartford nonetheless terminated Champaneri's benefits on November 29, 2005, asserting that she did not meet the definition of disability. Champaneri requested that Hartford reconsider its determination; and following a second independent medical examination which confirmed Champaneri's disability, benefits were reinstated.

**ANSWER:** The ALLSTATE Plan admits that Plaintiff submitted medical records in support of her application for long term disability benefits. The ALLSTATE Plan further admits that Plaintiff received long term disability benefit under the Plan from November 29, 2003 through November 29, 2005 because she was totally disabled from her regular occupation in accordance with the terms, conditions, limitations, and exclusions of the Plan. The ALLSTATE Plan further admits that Plaintiff, after her appeal and completion of an independent medical examination, continued to receive long term disability benefits under the Plan until December 4, 2007 when her long term disability benefits were terminated in accordance with the Plan's terms, conditions, limitations, and exclusions. The ALLSTATE Plan denies the remaining allegations of this Paragraph to the extent they are inconsistent with this answer.

13. Despite the foregoing, on December 4, 2007, Hartford once again terminated Champaneri's disability benefits asserting that she no longer met the definition of disabled. Although Champaneri appealed and submitted a third independent medical evaluation which supported her ongoing disability, along with a recent MRI scan which showed Champaneri's. condition was unimproved or even worsening, Hartford denied Champaneri's appeal on June 24, 2008.

**ANSWER:** The ALLSTATE Plan admits that Plaintiff's benefits were terminated effective December 4, 2007 in accordance with the terms, conditions, limitations, and exclusions of the Plan. The ALLSTATE Plan further admits that it upheld its decision to terminate Plaintiff's long term disability benefits after considering her appeal and related medical submissions. The ALLSTATE Plan denies that Plaintiff has remained unable to work and denies the remaining allegations of this Paragraph.

14. All avenues of administrative appeal to Hartford have now been exhausted. Therefore, this matter is ripe for judicial review.

**ANSWER:** The ALLSTATE Plan admits that Plaintiff has completed the administrative appeals process and that this matter is subject to judicial review, but denies that Plaintiff is entitled to the relief sought, or any relief whatsoever.

15. The evidence submitted to Hartford establishes Champaneri's entitlement to reinstatement of her long term disability benefits, retroactive to December 4, 2007, and the court should determine and then declare that such benefits should continue under the terms and conditions of the Plan.

**ANSWER:** The ALLSTATE Plan denies the allegations of this Paragraph.

WHEREFORE, the GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ALLSATE INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby requests judgment in its favor and against Plaintiff on Plaintiff's First Amended Complaint, as well as an award of attorney's fees and costs in this case pursuant to Section 1132(g)(1) of ERISA.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

In the event this Court finds that Plaintiff is entitled to additional disability benefits under the ALLSTATE Plan, which the Plan disputes, Plaintiff's damages shall be reduced by any and all Deductible Sources of Income from Plaintiff's Gross LTD Monthly Benefit, including, but not limited to, Disability benefits paid, payable or for which there is a right under the Social Security Act, in accordance with the terms, conditions, limitations, and exclusions of the Plan, which Deductible Sources of Income shall act as a setoff.

**Second Affirmative Defense**

Plaintiff's claims are barred because the ALLSTATE Plan's claims administrator, Hartford Life and Accident Insurance Company, discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

**Third Affirmative Defense**

Plaintiff is precluded from recovering any of the alleged damages under the terms of the ALLSTATE Plan, ERISA, and federal common law.

**Fourth Affirmative Defense**

Plaintiff failed to demonstrate continued eligibility for long term disability benefits under the term and provisions of the ALLSTATE Plan.

**Fifth Affirmative Defense**

To the extent Plaintiff asserts any claim or relies upon any evidence not previously submitted or furnished to the ALLSTATE Plan's claims administrator, Hartford Life and Accident Insurance Company, such claim or admission of such evidence in support of Plaintiff's claim is barred by Plaintiff's exhaustion of all administrative and/or Plan remedies.

**Sixth Affirmative Defense**

To the extent the facts and circumstances as developed in this matter support such a defense or affirmative defense, the ALLSTATE Plan reserves the right to rely on the defense that Plaintiff's claims are barred in whole or part by the Plan's limitations provisions, if any, or the applicable statute of limitations.

**Seventh Affirmative Defense**

The ALLSTATE Plan hereby reserves its right to assert any and all additional affirmative defenses which may in the future be revealed.

WHEREFORE, the GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ALLSATE INSURANCE COMPANY denies that Plaintiff is entitled to the relief sought, or any relief whatsoever, and hereby requests judgment in its favor and against Plaintiff on Plaintiff's First Amended Complaint, as well as an award of attorney's fees and costs in this case pursuant to Section 1132(g)(1) of ERISA.

Respectfully submitted,

By:    /s/ Michael B. Galibois
Counsel for Defendant
**GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF ALLSATE INSURANCE COMPANY**

Donald A. Murday
Michael B. Galibois
Chittenden Murday & Novotny LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois 60606
(312) 281-3600
Fax: (312) 281-3678
O:\HA815\41226-Champaneri\PLDGS\Answer-1st-Amd-Cmplt.doc

## PROOF OF SERVICE

I hereby certify that on **September 2, 2008**, a copy of the above-referenced **Answer and Affirmative Defenses** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Mark D. DeBofsky
>Daley, DeBofsky & Bryant
>E-mail:  mdebofsky@ddbchicago.com

>_____/s/ Michael B. Galibois_____